## Commonwealth v. Smotzer, etc.

*W. Bertram Waychoff*, district attorney, for Commonwealth.

*R. Stanley Smith*, for defendant.

HOOK, P. J., October 22, 1951.—Defendant was convicted of fraudulent conversion. The indictment sets

forth that defendant "wilfully and maliciously, in Cumberland Township, said county and state, while having received and in possession of a treasury ticket No. 58017 of the value of $1100.00, being the property of Mary Neel Reynolds and entitled to the possession thereof, did fraudulently withhold, convert and apply the said ticket and the $1100.00 to and for her own use and benefit."

Defendant filed a motion for a new trial, setting forth the following reasons:

"1. Because the verdict is against the evidence.

"2. Because the verdict is against the weight of the evidence.

"3. Because the verdict is against the law.

"4. Because the verdict is against the charge of the court.

"5. Because of the many errors made by the court in the admission of testimony over the objection of the defendant.

"6. Because the court erred in not withdrawing a juror and continuing the case upon defendant's motion during the testimony of the first witness for the Commonwealth.

"7. Because of the admissions of testimony over the objection of counsel for defense with regard to separate offenses which were not at issue in this case as said testimony could only have served to prejudice the minds of the jurors against the defendant.

"8. Believing that the motion for a new trial can only be properly prepared after thorough study of this case and the notes gone over, the defendant moves the court for an additional 30 days in which to file more fully the reasons set forth in this motion, and also for the purpose of filing other reasons."

When this case was argued, defendant based her motion principally on the fifth, sixth and seventh rea-

sons. The question involved presents the following: At the trial of the indictment charging fraudulent conversion, may the district attorney introduce evidence showing the commission of offenses other than that charged in the indictment?

The testimony was not taken at the trial, and of necessity we are compelled to refer to our notes and the recollection of the attorneys and the court. Defendant complains that when prosecutrix was testifying to the different transactions she had had with defendant, the prosecutrix stated she had brought a "Gold Rush" ticket for 50 cents on Sunday, and later defendant came back to see if the prosecutrix would buy another ticket. Prior to that date, prosecutrix had purchased a treasury ticket on November 1st from another person, and when defendant came to prosecutrix's home they had a conversation about whether or not the treasury ticket no. 58017 was a winner. It was then that prosecutrix gave defendant the treasury ticket no. 58017, which defendant kept and converted to her own use, this ticket being a winner for which the person in possession thereof received $1,100. When prosecutrix testified to having purchased lottery tickets other than the ones involved in this action, counsel for defendant objected thereto and later made a motion to withdraw a juror and continue the case. This motion was overruled.

As a general rule, a distinct crime unconnected with that laid in the indictment cannot be given in evidence against the prisoner: Shaffner v. The Commonwealth, 72 Pa. 60. In the present case, the evidence was solely for the purpose of showing the association and series of dealings between prosecutrix and defendant. It was for the purpose of relating the entire event or a continuation of events of defendant coming to prosecutrix's home, selling her a ticket,

returning to declare winners and offering another ticket as being the background for the loan for the payment of the treasury ticket which admittedly was purchased from some other person unknown. We instructed the jury to the effect that the sale of lottery tickets by defendant to prosecutrix was not involved in this case, and should not be considered by the jury in deciding whether or not defendant was guilty of the crime for which she was indicted.

The testimony comes within the recognized exceptions where the commission of another offense by defendant may be received in evidence. The criminal act of selling lottery tickets by defendant to prosecutrix formed a part of a chain, or was one of a sequences of acts or became part of the history of the event for which defendant was indicted. In other words, it became a natural development of the facts of this case to show the relation between the parties. The knowledge that defendant obtained at the time she made a sale of another lottery ticket afforded her the opportunity to obtain possession of the treasury lottery ticket.

Defendant had a fair and impartial trial, and the verdict of the jury was founded upon the facts of the case and the law applicable thereto. The Commonwealth sustained its burden by proving defendant guilty beyond a reasonable doubt. For this reason, defendant's motion for a new trial is overruled and dismissed.

### Order

And now, October 22, 1951, this matter came on for argument, and after due consideration thereof, defendant's motion for a new trial is overruled and dismissed. Defendant shall present herself in this court on Monday, November 5, 1951, at 10 a.m., for sentence.